Next case, Inrey Lansall versus Frank Zekaitis. Mr. Robinson. Good afternoon, Your Honor, as it may please the Court, Jeff Robinson, counsel for the Frank Zekaitis, and for the record, I'd like to reserve two minutes for rebuttal. That request will be granted. Thank you. Well, this is a very interesting case because it presents the opportunity for the Court to rule on what I believe is a case of first impression on the issue of what type of damages, what kind of proof is required for emotional distress damages in an automatic stake violation case. Is your argument, counsel, that no emotional distress damages are authorized under 362K1, or is it that they're not authorized unless there is some predicate finding of a financial injury? Excellent question. There's a split within the circuits throughout the country. In Ohio, the case of U.S.V. Harcher, it's a district court case. They flatly rejected emotional distress damages. But the Seventh Circuit seemed to say they can still be used to top off for the H2 financial injury. Do you agree with that? I'm sorry. The Seventh Circuit opinion was authored by Judge Grossner, and that was his conclusion that first you have to prove actual damages, and only after you are able to do that can you then go for emotional distress damages. What about the situation, though, where a creditor calls up the debtor, harangues the debtor, maybe shows up and harasses them at work, but stops short of causing them any actual monetary loss, but causes them considerable distress and clear violation to stay, but you're saying you get a pass in that case. Actually, I'm not saying that at all, Your Honor. Whether such damages are recoverable or not I think is up to this court. I don't think in this case it matters whatsoever. And briefly, the same violations occurred in 2006, and there was a trial that occurred on the claim of emotional distress damages nine years later in 2014. And importantly, at that trial nine years later, the landslides were making claims, and I'll get into that in a little bit, were making claims that they were still sustaining emotional distress damages. Nine years after the incident occurred. And furthermore, they admitted that they had not seen or spoken to Mr. Zaconis in those nine years. We don't need to reach a question about what types of proof were the sufficiency of what was presented here on emotional distress damages if we conclude that they are not cognizable under the statute. So on that threshold legal question, what is your position? Is it that they're not authorized by the statute, or they're authorized only when there is financial injury? My response, Your Honor, is in this case it doesn't matter. And again, I'll see to the court in your wisdom as to what your determination is. It might not matter, but Judge Krause has posed an interesting question, which we'd like you to answer. In my personal opinion, I think I do see... Why don't I do this in your personal opinion? I'd see what the law says. That's the problem. That's why it's a case of first impression for this court. Well, what's a better reading of the statute? I believe that Judge Posner of the Seventh Circuit had it correct that you need to show active damages first before you get to emotional distress damages. If that's the case, don't we have that here? Because the statute by its term seems to define actual damages as including attorney's fees, and there are $2,600 of attorney's fees that your client's been ordered to pay. Why doesn't that count as the financial injury if that is what the statute requires? Those are the attorney's fees we have stipulated to that. The claim for actual damages at the trial level, trial court level, is loss of business income. They also make claims of invasion of policy, defamation, and intentional interference with business relations, which, by the way, all those claims other than the emotional distress claims were disassociated on some of the judgment or at the trial. But presumably most debtors who are seeking to address a violation or alleged violation of an automatic stay are going to incur attorney's fees,  So if all that's required is that there be actual damages for the statute to authorize bankruptcy judges to award emotional distress damages, won't they be able to award them in most cases? And again, one of my positions is that even if that leads to a conclusion that I won't disagree with that, in this particular case it doesn't matter because the issue is here. Actually, it's two issues. Number one, what type of evidence is required to show that there are emotional distress damages? Number one. And that's the egregious conduct standard that Judge Deller in the Bankruptcy Court authored in the Green Card. And the second issue is an issue of causation, and there are substantial problems that we have with causation. Let me ask you this. Appellate courts have had a lot of experience dealing with emotional distress damages in a number of different contexts, whether it be employment discrimination cases or whatever. Do you think there should be a different standard for stay litigation? Or should we take whatever our jurisprudence is, so to speak, in emotional distress from one area of the law and transport it into this area? No, no, no. In fact, I agree with you that there should be one standard regardless of the underlying claim. And I'd like to do a quote. A quote? Doesn't that cut against your argument? Doesn't that answer cut against your argument? No, I don't think so. I don't think so because in this case, both the Bankruptcy Court and the District Court solely looked to the egregious conduct standard that was enunciated by the court of Henry Dawson of the Ninth Circuit. And under that standard, they said if the client was egregious enough, they would pursue the damages. And that makes sense if the claim was I'm emotionally distressed for a day, for a week, or for even a month. But when you start saying that you're damaged and you continue to experience emotional distress damages, nine years later, this egregious conduct standard just has no application. Why doesn't that turn on credibility findings where we're going to defer to the trial judge? I'm sorry to hear you. Why doesn't that turn on credibility findings, the observations that are being made by a trial judge as to the testimony of witnesses who say they are experiencing that injury or family members, as in this case, who corroborate it? My response is two-fold, actually. Number one, Judge Posner in the Seventh Circuit made it clear that claims of emotional distress damages were fraud and are easily manufactured. And actually, this court, and I was just getting to this, in the case of Spence v. Board of Education, the 1986 case, said, We see no particular difficulty in producing evidence that the mental and emotional distress actually was caused. And the record of such injury, nor the difficulty of proving it, is so great as to justify removing the necessary damages without proof that such injury actually occurred. In other words, we would have been taking so much effort after nine years claiming your damages to introduce a medical record, to introduce a medical bill. That case, the Spence case, was not a bankruptcy case, was it? No, it wasn't. And I'm kind of deferring to what Judge Milley mentioned, that there should be a report of standard. The record is not, but. . . If there is, haven't we already said in Bolden v. SEPTA that there's no requirement of medical expert testimony or reports to substantiate a claim of emotional distress damages? I'm going to read a quote from the trial in this case. Mr. Redstaw testified that he was on disability and had to go see a disability expert. And there was a report written. And the disability expert said this in his report. Results from this examination indicate functioning in the impaired branch of three tests sensitive to the general condition of the brain that can cause Halsted Implant Index. Deficits were consistent with residual or localized cerebral dysfunctions, notably the frontal, bilateral, hippocampal, and progesterone-temporal regions of the brain. I have no idea what that means. And I don't think the score knows what that means. And that is why we need medical testimony. It seems like the report is saying that he has some impairment in the brain, but I don't know. And that's why we need medical testimony. And that's why we agreed to call that standard, again, a day, a week, a month. That's okay. My name is Linda. Can I ask you a question on a different issue? You argued that the bankruptcy court failed to address the property-to-estate issue. And I went back and looked at the bankruptcy court decision. You're correct. They didn't. But you also didn't raise it at the bankruptcy court. The first time you raised it was on appeal to the district court. Is that right? You said that if the plaintiff's recovery in this case, recover, any recovery is property of the estate. That's your third appeal issue. Yes, it is. But you didn't raise that issue with the bankruptcy court. I didn't. Pardon me? I didn't raise it. Well, no, you raised it with the bankruptcy court. You did not raise property-to-estate issue with the bankruptcy court, as I read it. You did raise it with the district court, but not at the bankruptcy court. I'm sorry for your error. I believe, and I could be wrong, I believe that both issues set off a recruitment. And we can see, and I don't think I put it in the brief here, it was an issue. But also that it was property of the estate. I think that they're two separate different issues. They are separate issues. And that's why I say when I read the post-trial brief at the bankruptcy court, I only saw a set-off. Maybe I missed it. But also the claim was abandoned. I agree. They are separate. But in any event, the claim was abandoned by the trustee. And we can see that the recruitment set-off does not apply in this case. I'm sorry, you're no longer seeking a set-off? No. I believe Judge Agassi is correct. But you can't also argue it's property of the estate when it's been abandoned. I mean, I don't understand that. Well, anyway, to me this would all have to, this was never set, this was never discussed in the bankruptcy court. It seems to me they should have had a fresh swipe at this issue. Okay. Mr. Robinson, your red light is on. And you reserve some time for rebuttal. So let us have Mr. Mariani come up and then we'll get back to you. That's fine. Thank you, Your Honor. You may please the court. My name is Warner Mariani. I represent the Lansaws in this matter. To answer Judge Krause's question that she posed several times to appellate counsel, I believe this court should follow the Ninth Circuit Dawson case. I believe it should follow the First Circuit Fleet case. And I believe it should follow the Eleventh Circuit Lodge case. That Lodge case was recently decided in 2014. Each one of those cases clearly indicated and said that 11 U.S.C. 362 encompassed emotional distress damages. To do so, the Ninth Circuit relied heavily on legislative history. Correct. And it did not address the fact that that legislative history was actually to the 1978 statute. It was not legislative history to the amendment in question. And if we look to the legislative history to the statute, the remedy at that time was contempt proceedings and contempt of court was not a remedy that would have included emotional distress damages. How then does the legislative history support that outcome? Well, Your Honor, I think the Dawson court was clear that when you have a situation that is such as in this case egregious, that it is permitted with the development of the law to get emotional distress damages as a result of the conduct of someone who violates the automatic state. Don't we need to, in the Supreme Court fairly recently in FAA v. Cooper, was looking at the Privacy Act and this exact question, whether actual damages encompassed emotional distress damages for purposes of that act. It instructed us to look to what the analog was in common law given the statute in question. Again, if we have to look back to the contempt remedy for this particular statute and for violations of the automatic stay historically, how is there any basis for inclusion of emotional distress damages? Your Honor, none of the cases I reviewed that have been issued on this matter has any court under this new version of the statute looked at the contempt remedies. They have themselves... Yeah, but just because they didn't doesn't mean that we should... Well, that is true, Your Honor, but at the same time they reasoned correctly that each court is able to determine based on what it sees whether there is a basis for emotional distress to be awarded damages. Really, the real history of the 84 Act was that the pre-84, it was an equitable remedy to stay proceedings against the bankrupt, against the debtors. Correct. And what the circuit courts have also said, including Dawson and including the First Circuit in the Fleet case, they've said that the purpose of the automatic stay is to give some time for breathing room. It is the human side of the bankruptcy law. It allows people to step back, gather their thoughts, and allows them to proceed further without the harassment from creditors. And that's what we have in this case, harassment from creditors that the judges in the Western District said was patently and obviously egregious. And that's a standard that could only be surrounded by clear error standards. Why shouldn't we look at the statute here and say Congress intended to address that by providing inappropriate cases for punitive damages and does so explicitly in the statute, and leaving state law type claims like intentional infliction of emotional distress to be brought separately as state claims by the debtor? But, Your Honor, even the most narrow reading of what is permissible under actual damages under this section, and that would have been in the Seventh Circuit, they said they did not want those who suffered from emotional distress to be orphans of the law. They, in their reasoning and in their decision, provided that those what would be, in your opinion, state court claims could still be brought before the federal court and litigated before the federal court. So, I mean, might they be tort actions? But those tort actions can be brought and litigated before the federal court as well. And the federal court, the bankruptcy court, can make decisions based on what it finds to be the egregious conduct of the creditor. The other pillar of reasoning for the Ninth Circuit in Dawson was the term individual in the statute, making this a personal injury. What is the significance, then, of the law of the Third Circuit that that term is not limited to persons, human persons, but it also includes corporations? I don't think it does include, I'm sorry, I apologize. I don't think it includes corporations. I think the reasoning behind this state provision on the emotional distress side of things is that it was specifically to address what debtors, what human beings may suffer through the actions of creditors, through harassment, whether it's by telephone calls, by letters, by lawsuits, or by, such as in this case, locking the appellee out of the daycare center. But in the circuit, we've already held that the term individual in this statute includes corporations. But what I'm saying is those other circuits have said that, I believe it was the Dawson case, it limited for emotional distress damages, it limited for that purpose the definition of individual to actually a person. There are some other circuits that have not included corporations in that definition, but how would we read the terms of the statute to distinguish among classes of individuals? That doesn't seem to appear anywhere on the face of the statute. It was just a way that some of the circuits have interpreted under that provision to get economical, excuse me, emotional distress damages. Mr. Mariani, if we agree with Mr. Zichaitis that the damages award for emotional distress must be overturned, can your opinion of damages awards still stand? I believe so, Your Honor. And why is that? I believe the judge, Judge Agaresti, made specific findings as to what constituted his termination as to what the punitive damages were. In fact, if anything, he might be wise to remand the matter because one of the reasons that he limited what his punitive damages were is because he limited what his emotional damages were, and Mr. Mariani limited those emotional damages because of the proof set forth by the Lansaws because they proceeded pro se before the bankruptcy court. What would be the basis for an award of punitive damages without any compensatory damages? Well, basically to punish and deter others, as in other cases. I mean, as you can read from the factual situation in this case, the conduct was egregious. Police were called. People were locked out of their businesses. People were threatened. Items were stolen. And in those particular cases, you would want punitive damages to be imposed not only to deter future conduct of the appellant but also to deter the conduct of creditors. As Judge Goreski stated, he's never seen such a more egregious case of violating the automatic stay. Okay. Do you have anything else, Mr. Mariani? No, Your Honor. Well, we thank you very much, and we'll call Mr. Robinson back for his rebuttal. Thank you, Your Honor. Your Honor, causation. Dawson requires causation. That's the third element. And even Judge Goreski in his trial, in his memorandum on page 19, admitted that there were causation issues that contributed to the Lansaws' emotional distress. What he did was he said, therefore, because there are other possibilities as to why they're harmed, he's going to tamper the award. The purpose of causation is to determine whether the claimed harm is the result of the wrongful conduct. Tampering the award is an absolute failure, because the tampering does not tell us if the claimed damages are a result of the wrongful conduct. And I'm going to quote from Judge Goreski in his opinion. The court is thus faced with a circumstance where it is convinced that the same violations have caused emotional distress to the Lansaws, but so have other factors. He's admitting that. The court lives in no way to unbundle the causes and factors and assign any specific harm to a specific cause. That's why we have ex-protest money. That's why it's required. Of course he can't do that, and just as I don't think any of us know what that cite out of the disability report means. That's why you have ex-protest money on damages. At trial, the Lansaws admitted that they had emotional distress because they had filed bankruptcy. They admitted that they had emotional distress because their daughter had been arrested. They admitted that they had emotional distress because they lost their business. They admitted they had emotional distress because they had carbon monoxide poisoning that they were still experiencing. These are all other possibilities that may be why they had emotional distress nine years later. Maybe that's why they're experiencing nightmares. I don't know. I'm not a doctor, but that's why you need ex-protest money. In answer to your question, Your Honor, if you find that emotional distress, does that change the damage award? Yes, I think it does. Here's my mathematical analysis. The average age limit of punitive damages is roughly about five times, give or take, but I think that that's kind of a standard that we're all looking at from the Supreme Court. If you knock out the damages, that means we agreed to the $2,600 maternity fees. Multiply that by five for the punitives, and we're at an award between $2,200 and $2,600. Thank you. Thank you very much, and we thank counsel for their arguments in this case. We'll take the matter under advisement.